(A.R.D. 160)

WORTHY CHEMICALS, INC. *v.* UNITED STATES

Entry No. 946385, etc.

Second Division, Appellate Term

(Decided October 29, 1963)

*Florrie L. Wertheimer* for the appellant.

*John W. Douglas,* Assistant Attorney General (*Samuel D. Spector* and *Morris Braverman,* trial attorneys), for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: This is an application for review of a decision and judgment in a reappraisement proceeding sustaining the appraiser's value of an importation of a coal-tar product, commonly known as Amidol (47 Cust. Ct. 540, Reap. Dec. 10121).

The merchandise was appraised on the basis of American selling price under section 402a(g) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, at $7.50 per pound, net, packed.

Appellant herein concedes said Amidol is a coal-tar product, dutiable under paragraph 28 of the Tariff Act of 1930, as amended, but it is contended that there was no similar competitive articles manufactured or produced in the United States, at least in sufficient quantities to supply the demand, and, accordingly American selling price is not applicable and United States value is required.[1]

A review of the record herein leaves a question as to what the usual wholesale quantity is under American selling price, since the sole manufacturer could supply only 500 pounds per month, and the demand by the United States Army was many times greater. The record also is not clear as to what the domestic producer would have received or would be willing to receive.

Appellant, however, is also apparently under the mistaken belief that, if the presumption of correctness attaching to the appraised value is overcome, the invoice *ipse dixit* establishes United States value.

---

[1] [Paragraph 28, Tariff Act of 1930, as amended] : (c) The ad valorem rates provided in this paragraph shall be based upon the American selling price of any similar competitive article manufactured or produced in the United States. If there is no similar competitive article manufactured or produced in the United States then the ad valorem rate shall be based upon the United States value.

United States value, under section 402a(e) or the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, provides as follows:

UNITED STATES VALUE.—The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

An analysis of the foregoing clearly indicates the necessity for proving all of the necessary elements under said section. The record is barren of such evidence.

Accordingly, we are of the opinion that, in the interest of justice, this matter be remanded to the trial court for all purposes.

Judgment will be rendered accordingly.